| **HCDistrictclerk.com** | LOZANO, ALEJANDRO vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | 12/12/2019 |

Cause: 201980156      CDI: 7      Court: 133

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 11/4/2019 | **Court** | 133rd |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 11) HOUSTON, TX 77002 Phone:7133686200 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | **JudgeName** | JACLENEL McFARLAND |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 11/4/2019 | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| LOZANO, ALEJANDRO | PLAINTIFF - CIVIL | | WILSON, CHAD TROY |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DEFENDANT - CIVIL | | SIMON, JAY SCOTT |
| JOHNSON, DANIEL ARDEN | DEFENDANT - CIVIL | | |

**EXHIBIT B**

ALLSTATE VEHICLE AND PROPERTY INSURANCE  REGISTERED AGENT
COMPANY BY SERVING ITS

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 12/9/2019 | ANSWER ORIGINAL PETITION | | | 0 | | SIMON, JAY SCOTT | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY |
| 11/4/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 11/4/2019 | ORIGINAL PETITION | | | 0 | | WILSON, CHAD TROY | LOZANO, ALEJANDRO |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | JOHNSON, DANIEL ARDEN | 11/4/2019 | 11/7/2019 | | | | 73693805 | CIV AGCY- CIVILIAN SERVICE AGENCY |
| 90 REDONDO CIRCLE PLANO TX 75075 | | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS | 11/4/2019 | 11/7/2019 | 11/14/2019 | | 11/15/2019 | 73693806 | CIV AGCY- CIVILIAN SERVICE AGENCY |
| 1999 BRYAN ST SUITE 900 DALLAS TX 75201 | | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 88485969 | Defendant Allstate Vehicle and Property Insurance Company's Election of Legal Responsibility Under Section 542A.003 of the texas Insurance Code for Daniel Arden Johnson | | 12/11/2019 | 3 |
| -> 88485970 | Proposed Order of Dismissal of Defendant Daniel Arden Johnson with Prejudice | | 12/11/2019 | 1 |
| 88433747 | Defendant Allstate Vehicle and Propoerty Insurance Company's Original Answer and Demand for Jury Trial | | 12/09/2019 | 2 |
| 88132144 | Citation - ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | | 11/15/2019 | 1 |
| 88064715 | Civil Process Pick-Up Form | | 11/07/2019 | 1 |
| 87918833 | PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE | | 11/04/2019 | 17 |

| -> 87918835 | CIVIL CASE INFORMATION SHEET | 11/04/2019 | 1 |
|---|---|---|---|
| -> 87918836 | CIVIL PROCESS REQUEST FORM | 11/04/2019 | 2 |
| -> 87918838 | FILING LETTER | 11/04/2019 | 1 |

11/4/2019 12:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38196617
By: Joshua Carroll
Filed: 11/4/2019 12:50 PM

## 2019-80156 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| ALEJANDRO LOZANO, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND DANIEL | § | |
| ARDEN JOHNSON, | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
### AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Alejandro Lozano, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Daniel Arden Johnson ("Johnson") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.  Plaintiff, Alejandro Lozano, resides in Harris County, Texas.

3.  Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate, through its registered agent for service: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201-3136**. Plaintiff requests service at this time.

4.  Defendant Daniel Arden Johnson is an individual resident of Plano, Texas. Johnson may be served with citation at the address listed with the Texas Department of Insurance: **90 Redondo Circle, Plano, Texas 75075**. Plaintiff requests service at this time.

## JURISDICTION

5.  The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.  The Court has jurisdiction over Johnson because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.  Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.  Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.  Plaintiff owns an Allstate Vehicle and Property Insurance Company insurance policy, number 000844222069 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at **21334 Timber Pines Drive Spring, Texas 77388** ("the Property").

2

10.  Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiff. Allstate Vehicle and Property Insurance Company represented to Plaintiff that the Policy included hail and windstorm. On or about May 3, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Spring/Harris County, Texas area.

11.  In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0551504269 to Plaintiff's claim.

12.  Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

13.  Allstate hired or assigned its agent, Johnson, to inspect and adjust the claim. Johnson conducted an inspection on or about July 3, 2019, according to the information contained in his estimate. Johnson's findings generated an estimate of damages totaling $483.44. After application of Plaintiff's $2,608.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

14.  Allstate, through its agent, Johnson, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15.  Allstate and Johnson have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Johnson found damage to one laminated composite shingle of Plaintiff's roof. The third-party inspector hired to review the damage to the Property found damage to roof, vents, flashings, windows, gutters and downspouts that were completely absent from Johnson's estimate.

The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: guest bedroom, master bathroom, living room and girl's bedroom.

16. The damage to Plaintiff's Property is currently estimated at $23,507.4.

17. Johnson had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Johnson.

18. Furthermore, Johnson was aware of Plaintiff's deductible prior to inspecting the Property. Johnson had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19. Johnson misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Johnson made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Johnson misrepresented that the damage was caused by non-covered perils. Johnson used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, Allstate and Johnson improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Allstate and Johnson misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

4

22.   Allstate and Johnson made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate and Johnson made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Johnson.

23.   Plaintiff relied on Allstate and Johnson's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24.   Upon receipt of the inspection and estimate reports from Johnson, Allstate failed to assess the claim thoroughly. Based upon Johnson's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25.   Because Allstate and Johnson failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26.   Furthermore, Allstate and Johnson failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Johnson performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27.    Allstate and Johnson's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.    Allstate and Johnson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Johnson have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Allstate and Johnson have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29.    Allstate and Johnson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate and Johnson failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

30.    Additionally, after Allstate received statutory demand on or about 09/03/2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31.    Allstate and Johnson's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Johnson performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full coverage to Plaintiff under the Policy.

32.   Specifically, Allstate and Johnson performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Johnson subpar inspection, Allstate failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Johnson's intentional undervaluation of Plaintiff's claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Johnson's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35.   Allstate and Johnson's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

**CAUSES OF ACTION AGAINST DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

36.   All paragraphs from the fact section of this petition are hereby incorporated into this section.

**BREACH OF CONTRACT**

37.   Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then,

7

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

38.  Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39.  Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40.  Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

41.  Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42.  Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

8

43.     Allstate's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

44.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

45.     Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA.  Plaintiff has met all conditions

9

precedent to bring this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Allstate represented to Plaintiff that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Allstate represented to Plaintiff that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F. Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's

10

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.  Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT DANIEL ARDEN JOHNSON

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.  All allegations above are incorporated herein.

51.  Johnson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

52.  Johnson is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Johnson is a "person," as defined by TEX. INS. CODE §541.002(2).

53.  Johnson knowingly underestimated the amount of damage to the Property. As such, Johnson failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

54.  Furthermore, Johnson did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

11

55.  Johnson's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

56.  Johnson's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

57.  All allegations above are incorporated herein.

58.  Johnson's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Johnson pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Johnson.  Specifically, Johnson's violations of the DTPA include the following matters:

A.  By this Defendant's acts, omissions, failures, and conduct, Johnson has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Johnson's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Johnson represented to Plaintiff that the Policy and his adjusting and investigative

12

services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     Johnson represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Johnson's actions are unconscionable in that Johnson took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Johnson's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Johnson's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59.    Each of Johnson's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Johnson, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

60.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

13

## WAIVER AND ESTOPPEL

61.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

62.     The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claims in violation of the laws set forth above.

63.     Plaintiff currently estimates that actual damages to the Property under the Policy are $23507.4.

64.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

65.     For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

66.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional

14

conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

67.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

69.  Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

70.  For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

15

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

72.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

73.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff, Alejandro Lozano, prays that Defendants, Allstate Vehicle and Property Insurance Company and Daniel Arden Johnson, be cited and served to appear, and that upon trial hereof, , recovers from Defendant, Allstate Vehicle and Property Insurance Company and Daniel Arden Johnson such sums as would reasonably and justly compensate Plaintiff in accordance with

16

the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

17

11/15/2019 5:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38552197
By: SHANNON NORTH-GONZALEZ
Filed: 11/15/2019 5:03 PM

CAUSE NO. 201980156

RECEIPT NO.                    0.00        CIV
            **********        TR # 73693806

PLAINTIFF: LOZANO, ALEJANDRO
              vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The   133rd
Judicial District Court
of Harris County, Texas
133RD DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS
    REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN ST SUITE 900   DALLAS  TX  75201 - 3136
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 4th day of November, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 7th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CARROLL, JOSHUA DEMIAS
50V//11372878

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11 o'clock A .M., on the 14 day of November , 2019 .

Executed at (address) 1999 Bryan St Stesco Dallas , TX 75001                     in

Dallas            County at 12:16 o'clock A .M., on the 14 day of November ,

2019 , by delivering to Allstate Vehicle and Property Insurance Company        defendant, in person, a

by being received agent CT Corporation System Thru Terri Thursbury

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 14 day of November , 2019 .

FEE: $ 75

                                          of   Dallas      County, Texas

_____
     Affiant

By _____
                      Deputy          ASC 16084 12-31 240

On this day, John Buford JR                        , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 15 day of November  2019.

                                          _____
                                               Notary Public

HEATHER L BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186

*73693806*

12/9/2019 10:35 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39077016
By: SHANNON NORTH-GONZALEZ
Filed: 12/9/2019 10:35 AM

## CAUSE NO. 2019-80156

| | | |
|---|---|---|
| **ALEJANDRO LOZANO,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY AND DANIEL** | § | |
| **ARDEN JOHNSON,** | § | |
| | § | |
| *Defendants.* | § | **133RD JUDICIAL DISTRICT** |

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations contained within Plaintiff's Original Petition and demands strict proof thereon, by a preponderance of the credible evidence, in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case.

1

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing thereof, Plaintiff recover nothing from Defendant and Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   /s/Jay Simon
        Jay Scott Simon
        State Bar No. 24008040
        jsimon@thompsoncoe.com
        THOMPSON, COE, COUSINS & IRONS, LLP
        One Riverway, Suite 1400
        Houston, Texas 77056
        Telephone:  (713) 403-8210
        Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that on December 9, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Chad T. Wilson
Tara L. Peveto
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Ste. 555
Webster, TX  77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

/s/Jay Simon
Jay Scott Simon

2

7556495v1
03647.786

12/11/2019 3:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39174660
By: SHANNON NORTH-GONZALEZ
Filed: 12/11/2019 3:27 PM

## CAUSE NO. 2019-80156

| | | |
|---|---|---|
| **ALEJANDRO LOZANO,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY AND DANIEL** | § | |
| **ARDEN JOHNSON,** | § | |
| | § | |
| *Defendants.* | § | **133RD JUDICIAL DISTRICT** |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE FOR DANIEL ARDEN JOHNSON

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.  RELEVANT BACKGROUND

On November 4, 2019, Plaintiff filed this action relating to events in claim number 0551504269, naming as defendants Allstate Vehicle and Property Insurance Company and Daniel Arden Johnson.

For purposes of this Election, Daniel Arden Johnson ("Johnson") is considered Allstate's "agent" under Texas Insurance Code Section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on Allstate's behalf.

### II.  ELECTION

Under Section 542A.006(a) of the Texas Insurance Code, Allstate hereby elects to accept legal responsibility for whatever liability Johnson might have to Plaintiff for Johnson's acts or

1

omissions related to the allegations set forth in this lawsuit, and, by this pleading, Plaintiff is provided written notice of Allstate's Election.

### III.  DISMISSAL OF DANIEL ARDEN JOHNSON WITH PREJUDICE

Under Section 542A.006(c) of the Texas Insurance Code, and based on Allstate's Election, this Court "shall dismiss" this action against Johnson with prejudice.  Allstate hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice.

FOR THESE REASONS, Allstate prays that this Election be filed with the records in this lawsuit and that Daniel Arden Johnson be dismissed from this action with prejudice as mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems Allstate entitled.

Respectfully submitted,

By:  */s/Jay Simon*
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

2

7564919v1
03647.786

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 11, 2019, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Chad T. Wilson
Tara L. Peveto
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Ste. 555
Webster, TX  77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

  _/s/Jay Simon_
Jay Scott Simon

3

## CAUSE NO. 2019-80156

| | | |
|---|---|---|
| **ALEJANDRO LOZANO,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY AND DANIEL** | § | |
| **ARDEN JOHNSON,** | § | |
| | § | |
| *Defendants.* | § | **133RD JUDICIAL DISTRICT** |

### ORDER OF DISMISSAL OF DEFENDANT DANIEL ARDEN JOHNSON WITH PREJUDICE

On this day came before the Court the Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code filed by Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). Allstate has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code on behalf of Defendant Daniel Arden Johnson ("Johnson").

It is therefore **ORDERED**, **ADJUDGED AND DECREED** that all claims and causes of action brought against Johnson in the above-referenced cause are hereby **DISMISSED** with prejudice to refiling of same. Any and all relief sought against Johnson not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and relating to any claim or cause of action brought against Johnson shall be borne by the party incurring same.

_____          _____
DATE                                     JUDGE PRESIDING

1

7565006v1
03647.786